IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

HENRI WASHINGTON,

        Plaintiff,        Civil Action No.
                                    6:15-CV-0827 (DEP)

  v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

---

APPEARANCES:                      OF COUNSEL:

HENRI WASHINGTON, *Pro se*
2297 State Rt. 5
Apt. 3
Utica, NY 13502

FOR DEFENDANTS:

HON. RICHARD S. HARTUNIAN        DAVID L. BROWN, ESQ.
United States Attorney                LORIE E. LUPKIN, ESQ.
P.O. Box 7198                            Special Assistant U.S. Attorneys
100 S. Clinton Street
Syracuse, NY 13261

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

Plaintiff Henri Washington, who is proceeding *pro se* and *in forma pauperis*, has commenced this action seeking judicial review of a determination of the Acting Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), finding that he was not disabled at the relevant times and therefore upholding the denial of his application for supplemental security income ("SSI") benefits. In response to plaintiff's complaint, the acting commissioner has moved to remand the matter to the agency for further consideration pursuant to sentence four of section 405(g). While plaintiff seemingly does not oppose the remand request, he argues that the court should direct a finding of disability and remand the matter solely for calculation of benefits. For the reasons set forth below, I conclude that a remand is warranted, but without a directed finding of disability.

I.  BACKGROUND

On November 16, 2012, plaintiff filed an application for receipt of SSI benefits, alleging a disability onset date of July 11, 2002. Administrative Transcript ("AT") at 20. Following an initial denial of that application, a hearing was conducted at the plaintiff's request on December 20, 2013, by Administrative Law Judge ("ALJ") Mary F. Withum. AT 33-74. ALJ Withum subsequently issued a decision on September 12, 2014, in which, after

applying the well-established, sequential, five-step protocol for determining disability, she concluded that, despite his limitations, plaintiff is capable of performing available work and therefore is not disabled. AT 20-28. That decision became a final determination of the Acting Commissioner on May 22, 2015, when the Social Security Administration Appeals Council denied plaintiff's request for review. AT 1-6.

Plaintiff commenced this action on July 8, 2015.[1] Dkt. No. 1. Issue was joined by the Acting Commissioner's filing of an answer, followed shortly by the filing of an administrative transcript of proceedings and evidence that was presented before the Social Security Administration. Dkt. Nos. 13, 14.

On November 23, 2015, plaintiff filed a brief in support of his appeal.[2] Dkt. No. 17. In response to plaintiff's brief, defendant moved, on February 8, 2016, for an order remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. No. 21. Plaintiff responded to that motion on March 3, 2016, agreeing that the matter should be remanded, but requesting that the court direct a finding

---

[1] This matter is before me on consent of the parties pursuant to 28 U.S.C. § 636(c). Dkt. No. 24.

[2] On that same date, plaintiff also filed an "objection" to the Acting Commissioner's answer. Dkt. No. 16.

of disability and remand for the sole purpose of calculating benefits. Dkt. No. 23.

II. DISCUSSION

In her decision, ALJ Withum characterized magnetic resonance imaging ("MRI") testing of the plaintiff's brain as "negative." AT 25. The MRI report to which she refers, however, states the following:

> Your recent MRI results are back. The abnormality seen on your prior study appears to have been a small area of bleeding. This appears to have occurred sometime in the past, perhaps several years ago. I believe this abnormality is the source of your right arm pain.

AT 386. Acknowledging the ALJ's apparent mischaracterization of the administrative record, the Acting Commissioner now moves to have the matter remanded to the agency for further consideration. Dkt. No. 21.

Section 405(g) of the Social Security Act provides for two types of remands. 42 U.S.C. § 405(g). The first contemplates orders pursuant to sentence four and the second pursuant to sentence six. *Id.*; *see also Melkonyan v. Sullivan*, 501 U.S. 89, 97-98 (1991) (citing *Sullivan v. Finkelstein*, 496 U.S. 617, 623-29 (1990)). Sentence four provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause

for a rehearing." 42 U.S.C. § 405(g). As this language plainly suggests, sentence four contemplates the entry of judgment on the pleadings and consideration of the transcript of the record below.[3]

Pursuant to sentence four of section 405(g), the court retains the discretion to modify or reverse the decision below and, if deemed appropriate, to remand the matter to the agency in order to allow gaps in the evidentiary record to be filled or discerned errors to be corrected. *See,*

---

[3] By contrast, sentence six of section 405(g) provides as follows:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g). Sentence six, then, contemplates remand either where (1) the agency requests remand before answering the complaint; or (2) new, material evidence is presented that, for good cause, was not presented before the Administration. *Id.*; *see also Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993); *Raitport v. Callahan*, 183 F.3d 101, 104 (2d Cir. 1999). This case presents neither of these situations.

*e.g., Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996). Alternatively, when there is no reason to believe that remand would serve any useful purpose the court may, in its discretion, deem it appropriate to remand solely for a calculation of benefits. *Balsamo v. Chater*, 142 F.3d 75, 82 (2d Cir. 1998); *accord, Rosa*, 168 F.3d at 83.

In his opposition to the pending motion, plaintiff apparently does not oppose a remand of this matter but suggests that the remand should be accompanied by a directed finding of disability and for the sole purpose of calculating benefits owed to him. Dkt. No. 23. Such a course of action is not appropriate in this case. "[R]eversal and remand solely for calculation of benefits is appropriate when there is persuasive proof of disability' [in the record] and further development of the record would not serve any purpose." *Steficek v. Barnhart*, 462 F. Supp. 2d 415, 418 (W.D.N.Y. 2006) (quotation marks omitted). Remand for further consideration, on the other hand, is justified when the ALJ has applied an improper legal standard or further findings and explanations would clarify the ALJ's decision. *Rosa,* 168 F.3d at 82-83; *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *Steficek*, 462 F. Supp. 2d at 418.

Having carefully considered the record in this case, I am unable to

6

conclude that it contains persuasive proof of disability. Instead, I believe that the matter must be remanded to the agency so that the apparent error in the ALJ's mischaracterization of plaintiff's MRI results can be addressed and the matter be reexamined.

III.     SUMMARY AND ORDER

Plaintiff commenced this action seeking judicial review of a determination by the Acting Commissioner finding that he was not disabled at the relevant times and therefore is ineligible to receive SSI benefits. In response, the Acting Commissioner has agreed that the matter should be remanded for further consideration by the agency based upon a mischaracterization by the ALJ who issued the relevant determination in addressing one particular piece of evidence. Having concluded that remand is appropriate but that the record does not contain persuasive proof of disability, it is hereby

ORDERED as follows:

(1)     Defendant's motion to remand (Dkt. No. 21) is GRANTED.

(2)     The determination of the Acting Commissioner, from which this appeal is taken, is hereby VACATED.

(3)     This matter is hereby REMANDED to the Acting Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further

consideration without a directed finding of disability.

(4) The clerk is respectfully directed to enter judgment and close this case.

_David E. Peebles_
David E. Peebles
U.S. Magistrate Judge

Dated: April 14, 2016
Syracuse, NY